IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00096-KDB

| | |
|---|---|
| **BARBARA EARLY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI, Acting Commissioner of Social Security[1],**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Barbara Early's Motion for Summary Judgment (Doc. No. 13) and Defendant's Motion for Summary Judgment (Doc. No. 16). Ms. Early, through counsel, seeks judicial review of an unfavorable administrative decision denying her application for a period of disability and disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' written arguments, the administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, Plaintiff's Motion for Summary Judgment will be **DENIED**; Defendant's Motion for Summary Judgment will be **GRANTED**; and the Commissioner's decision **AFFIRMED**.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the Defendant in this suit.

1

# I. BACKGROUND

On May 17, 2018, Plaintiff applied for benefits under Title II of the Social Security Act, alleging that she had been disabled since August 28, 2017. (*See* Tr. 10). Plaintiff's application was denied both on its first review and upon reconsideration. (*See* Tr. 108, 113). After conducting a hearing on September 30, 2020, Administrative Law Judge Clinton Hicks ("ALJ") denied Plaintiff's application in a decision dated November 25, 2020. (Tr. 26).

The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 1-6). Plaintiff has timely requested judicial review under 42 U.S.C. § 405(g).

# II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine whether Plaintiff was disabled under the law during the relevant period.[2] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since her alleged onset date; and at step two that she had the following medically determinable and severe impairments: auto-immune hepatitis; liver fibrosis; adjustment disorder; major depressive disorder; morbid obesity; fibromyalgia, s/p bilateral rotator cuff surgeries and bilateral knee arthroplasties; rheumatoid arthritis; and osteoarthritis (20 C.F.R. 404.1520(c)). (Tr.

---

[2] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

13). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). *Id*.

The ALJ then determined that Plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform "light" work as defined in 20 C.F.R. 404.1567(b) except she can frequently push and pull with her bilateral upper and lower extremities; no climbing of ropes, ladders, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; frequent overhead, front, and lateral reaching, bilaterally; frequent handling with her right upper extremity; avoid concentrated exposure to extreme cold, heat, high humidity, sunlight, and ultraviolet light; no complex decision-making, no crisis situations, no constant changes in routine; occasional interaction with the public; frequent interaction with supervisors and co-workers; and can stay on-task two hours at time.

At step four, the ALJ found that Plaintiff could not perform her past relevant work as an executive director, senior community manager, development director, and membership and marketing director. (Tr. 24). At step five, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff — given her age (51), high-school education, work experience, and RFC — could perform, including as a small parts assembler (DOT 706.684-022; 176,000 jobs nationally); inspector and hand packager (DOT 559.687-074; 282,000 jobs nationally); and shipping and receiving weigher (DOT 222.387-074; 264,000 jobs nationally). (*See* Tr. 25). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from August 28, 2017 through the date of his decision.

### III. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

3

Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Bird v. Comm'r of SSA*, 699 F.3d 337, 340 (4th Cir. 2012); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986), *quoting Richardson*, 402 U.S. at 401, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020); *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not the district court's place to "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). Yet in undertaking this review, "we do not reflexively rubber-stamp an ALJ's findings." *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

4

Plaintiff raises four challenges to the ALJ's decision, arguing that: (1) Plaintiff was denied a constitutionally valid adjudicatory proceeding by the Commissioner of Social Security, (2) "Acting commissioner" Berryhill lacked statutory authority under the Federal Vacancies Reform Act to ratify the appointment of SSA ALJs in 2018, (3) the ALJ relied on an incorrect regulatory framework, and (4) the ALJ failed to assess the need for an emotional support animal. (Doc. No. 14). As discussed below, the Court finds that none of these arguments warrant a remand of the ALJ's decision.

The Court first finds that the Commissioner's final decision was not constitutionally defective. Recently, in *Collins v. Yellen*, 141 S. Ct. 1761 (2021), the Supreme Court held that where an unconstitutional statutory removal restriction exists, a plaintiff seeking relief on that basis must show that the restriction caused her alleged harm. In *Collins,* the Court reasoned that the relevant agency officials were "properly appointed" under a statute that exhibited "no constitutional defect in the . . . method of appointment" and that "the unlawfulness of [a] removal provision" does not "strip [an official] of the power to undertake the other responsibilities of his office[.]" The Court continued that "there is no reason to regard any of the actions taken" by the agency during this period "as void." *Id*. at 1787,1788 n. 23. In this case, Plaintiff, as in *Collins*, grounds her constitutional challenge only on the relevant removal restriction not on the propriety of the Commissioner's appointment. Further, Plaintiff offers no evidence to show that there is a nexus between the unconstitutional removal restriction and the denial of her application for disability benefits. Plaintiff simply argues that all actions taken by the Commissioner – and in turn his appointed ALJ's – are void due to the unconstitutional removal provision. However, *Collins*

expressly rejects this view. *Id*. Therefore, the final decision of the ALJ is not constitutionally defective.[3]

As for Plaintiff's second argument, the Court finds that acting Commissioner Berryhill was validly serving under the Federal Vacancies Reform Act ("FVRA"). The FVRA prescribes that an acting official may serve "for no longer than 210 days beginning on the date the vacancy occurs; or . . . once a first or second nomination for the office is submitted to the Senate, from the date of such nomination for the period that the nomination is pending in the Senate." 5 U.S.C. § 3346(a)(1)-(2). For vacancies existing during the first 60 days after a Presidential transition, the 210-day period runs from the later of 90 days after inauguration or 90 days after the vacancy. *Id.* § 3349a(b). If a first nomination does not result in a confirmation, an acting official may serve for another 210 days, *id.* § 3346(b)(1), and during a second nomination, *id.* § 3346(b)(2)(A). If the second nomination fails, then an acting official may serve for another 210 days. *Id.* § 3346(b)(2)(B).

Nancy Berryhill, then the Deputy Commissioner of Operations for SSA, was designated Acting Commissioner on January 21, 2017, and served until November 16, 2017, when her initial 210-day period for acting service expired. On April 17, 2018, President Trump nominated Andrew Saul to be the Commissioner of SSA. Upon submission of the nomination, Ms. Berryhill resumed her service as Acting Commissioner during the nomination's pendency and served until Mr. Saul

---

[3] Plaintiff also advances a "dual layer" argument that both the Commissioner and ALJ were unconstitutionally tenured protected. That said, Plaintiff has still failed to show the required nexus between the "dual layer" protection and the denial of her application for disability benefits. *See Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021) ("*Collins* is controlling with respect to the remedy for any unconstitutionality in the removal provisions."). Thus, this argument fails.

was sworn in as Commissioner. On July 16, 2018, Acting Commissioner Berryhill ratified the appointment of all SSA ALJs and approved them as her own.

Other courts have considered this issue and have found that § 3346(a)(2) "contains a 'spring-back' provision that enabled Berryhill to resume her role as Acting Commissioner as of the date that Andrew Saul was nominated for Commissioner in April 2018." *Thomas S. v. Comm'r*, No. C21-05213-MAT, 2022 WL 268844, at *3 (W.D. Wash. Jan. 28, 2022); *see also Reuter v. Saul*, No. 19-CV-2053-LRR, 2020 WL 7222109, at *15 n.11 (N.D. Iowa May 29, 2020), *adopted by*, 2020 WL 6161405, at *6 (N.D. Iowa Oct. 21, 2020); 23 Op. O.L.C. 60, 68 (Mar. 22, 1999); *Nw. Immigrant Rts. Proj. v. U.S. Citizenship & Immigr. Servs.*, 496 F. Supp. 3d 31, 57-58 (D.D.C. 2020); *but see Brian T.D. v. Kijakazi*, 2022 WL 179540, (D. Minn. Jan. 20, 2022). This Court agrees with this authority. Indeed, the plain language of 5 U.S.C. § 3346 allows for Ms. Berryhill to have resumed her role as Acting Commissioner on the date that Andrew Saul was nominated. Consequently, she had the necessary statutory authority to ratify the appointment the ALJs in 2018 and Plaintiff's second argument fails.

Plaintiff's third argument, that the ALJ relied on an incorrect regulatory framework, is also unpersuasive. Plaintiff maintains that the ALJ evaluated the RFC under "an incorrect regulatory framework" because the ALJ stated his conclusion first and only then discussed the evidence supporting that conclusion. (Doc. No. 14). However, the Court finds that the ALJ conducted the appropriate function-by-function review and explained his decision by providing a narrative discussion supported by substantial evidence. The ALJ thoroughly discussed Plaintiff's testimony as well as the relevant medical opinions. (*See* Tr. 17-24). Nor did the ALJ state his conclusion first in his narrative discussion, but only mentioned "light work" in the RFC itself and under the step five analysis. (*See* Tr. 16-26).

7

Case 5:21-cv-00096-KDB  Document 20  Filed 06/07/22  Page 7 of 10

Within her third argument Plaintiff also contends that the ALJ never addressed Early's ability to sit, stand, walk, or lift. (Doc. No. 14). However, as discussed above, the ALJ found that Plaintiff could perform "light work." (Tr. 16-24). The "light work" regulation states that someone who can perform light work can lift 10 pounds occasionally, lift 20 pounds frequently, and tolerate "a good deal of walking or standing." 20 C.F.R. § 404.1567(b). It also states that someone who can do light work can also do sedentary work, which involves sitting. *Id.*; 20 C.F.R. § 404.1567(a). Thus, in limiting Plaintiff to light work as defined in 20 C.F.R. § 404.1567(b), the ALJ sufficiently addressed Plaintiff's abilities to sit, stand, walk, or lift. *See Birchfield v. Colvin,* No. 1:15CV53, 2016 U.S. Dist. LEXIS 85275 (W.D.N.C. June 30, 2016) (holding that when an ALJ finds a plaintiff could perform "light work" it "inherently establishes that Plaintiff can perform the functions" defined in light work).

And lastly, the Court finds that the ALJ properly considered Plaintiff's need for an emotional support animal. Plaintiff argues that the ALJ never acknowledged the evidence prescribing the emotional support animal and failed to discuss the significance of an emotional support animal in vocational terms. (Doc. No. 14). Courts have held "a letter from a medical provider that suggests an individual's use of a service dog, without further testimony or documentation of the individual's need and use of the service animal, is insufficient to establish that the service dog is medically necessary." *Cordell v. Saul*, No. 3:19-CV-47, 2019 WL 6257994, at *18 (N.D.W. Va. Nov. 4, 2019), *report and recommendation adopted sub nom. Cordell v. Comm'r of Soc. Sec.*, No. 3:19-CV-47, 2019 WL 6255498 (N.D.W. Va. Nov. 22, 2019) (quoting *Payano v. Colvin*, 2017 WL 4778593, at 4 (D. Nev. Oct. 23, 2017)). The only record evidence that the Plaintiff required an emotional support animal is a letter stating she needed one to travel on an

aircraft. (Tr. 664). The letter covered a one-year period from 2017 to 2018.[4] *Id*. The letter makes no mention of any need for a support animal in a work-related setting. *Id*. Accordingly, the ALJ committed no reversible error for allegedly failing to thoroughly consider the Plaintiff's need for an emotional support animal.

As noted above, the ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. §§ 404.1546(c) & 416.946(c). Again, the task for this Court is not to determine how it would rule on Plaintiff's claim for disability in the first instance, but only whether there is substantial evidence to support the ALJ's ruling. The substantial evidence standard assumes a zone of choice within which the ALJ can go either way, without interference by the courts. A decision is not subject to reversal just because substantial evidence would have supported a contrary decision. *See Dunn v. Colvin*, 607 Fed. Appx. 264, 274 (4th Cir. 2015).

The Court has carefully reviewed the record, the authorities, and the parties' arguments. The ALJ applied the correct legal standards and his conclusion that Plaintiff was not disabled is supported by substantial evidence. Therefore, the ALJ's decision will be affirmed.

---

[4] The hearing before the ALJ took place almost 2 years after the expiration of this period, on September 30, 2020. (*See* Tr. 16-26).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

Plaintiff's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; Defendant's Motion for Summary Judgment (Doc. No. 16) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: June 7, 2022

Kenneth D. Bell
United States District Judge